■ TWIN CITY FIRE INSURANCE COMPANY, Respondent-Appellant, v SANITARY PLUMBING & HEATING CORP. et al., Appellants-Respondents. [708 NYS2d 104] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered March 22, 1999, which, *inter alia*, granted plaintiff's motion for leave to amend its complaint to the extent of permitting an allegation that the City of New York was an intended beneficiary of the contract between Fulton Fish Mongers Association and defendant Sanitary Plumbing, but which denied the motion for leave to amend insofar as such motion sought to assert a separate cause of action by plaintiff as subrogee of the Fulton Fish Mongers Association and granted defendants' cross motion to dismiss the complaint to the extent of dismissing any claims by plaintiff as subrogee of Fulton Fish Mongers Association, unanimously affirmed, without costs.

The motion court correctly found that plaintiff Twin City Fire Insurance Company, suing as subrogee of the City of New York, had made a sufficient factual showing of the City's direct benefit from the sprinkler inspection services contract between defendant Sanitary Plumbing and premises lessee Fulton Fish Mongers Association to justify permitting the allegation that the City, the owner of the premises to which sprinkler inspection services were provided as per the terms of the contract, was an intended third-party beneficiary of that contract.

Plaintiff insurer's failure to document payment of the loss to Fulton Fish Mongers Association precluded its assertion of claims as the Association's subrogee (*see, Federal Ins. Co. v Arthur Andersen & Co.*, 75 NY2d 366). Concur—Rosenberger, J. P., Nardelli, Andrias, Saxe and Buckley, JJ.